UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:24-cv-05372-MCS-PD** | Date | July 22, 2024 |
|---|---|---|---|
| Title | *Cronus Glob., LLC v. Zuru Inc.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: APPLICATION TO SEAL (ECF NO. 3) AND ORDER TO SHOW CAUSE

Plaintiff Cronus Global, LLC, initiated this action for breach of contract, among other claims, against Defendant Zuru Inc. (Compl., ECF No. 1.) Plaintiff invokes the Court's diversity jurisdiction. (*Id.* ¶ 2.) Plaintiff applies to file under seal the parties' underlying contract. (Appl., ECF No. 3.)

## I.   SEALING APPLICATION

The Court defers resolution of the application to seal and orders the parties to submit additional briefing on whether the contract should be maintained under seal.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted). Consequently, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party who seeks to seal a complaint or answer bears the burden of overcoming this presumption by presenting "compelling reasons supported by

specific factual findings." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted); *see Berkshire Life Ins. Co. of Am. v. Montalvo*, No. 1:16-cv-00006-SAB, 2016 U.S. Dist. LEXIS 29009, at *2–3 (E.D. Cal. Mar. 7, 2016) ("Although the Ninth Circuit has yet to specify whether a party seeking to seal a complaint or answer . . . must meet the 'compelling reasons' or 'good cause' standard, district courts have concluded that a civil action arises out of information in a complaint or answer, so a complaint or answer 'is at the heart of the interest in ensuring the public's understanding of the judicial process . . . .'" (ellipsis in original) (quoting *Kamakana*, 447 F.3d at 1179)); *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2014 U.S. Dist. LEXIS 142074, at *6–7 (N.D. Cal. Oct. 3, 2014) (collecting cases).

Plaintiff submits that it is bound by the contract to keep its terms and conditions confidential. (Appl. 3; Gilman Decl. ¶¶ 3–4, ECF No. 3-1.) Plaintiff also argues that public disclosure of the contract may cause both parties competitive harm. (Appl. 3–4; Gilman Decl. ¶ 4.) Although the contract requires Plaintiff to keep its terms confidential, the contract also acknowledges a court may order its public disclosure. (Contract 5, ECF No. 3-3 (under seal).) Having reviewed the contract, the Court is uncertain what competitive harm may befall either party by its public disclosure, especially given that Plaintiff alleges many of its material terms in the publicly filed complaint. (*E.g.*, Compl. ¶¶ 11–19.) Maintaining the contract at the heart of the litigation under seal in its entirety would undermine the public's right to know what this breach of contract case is about.

The Court is inclined to deny the application. That said, because the contract assigns ownership of the confidential information in the contract to Defendant, (Contract 5), the Court will give Defendant an opportunity to weigh in on the sealing issue. The Court orders the parties to file supplemental briefing demonstrating compelling reasons why the contract should remain under seal. Additionally or alternatively, the parties may propose targeted redactions of provisions of the contract they contend may cause them competitive harm if publicly disclosed. The parties' briefs (and any accompanying declarations or other evidence) must be filed by September 9, 2024, the date Defendant's response to the complaint is due. (*See* Waiver of Service, ECF No. 13.) Alternatively, the parties may stipulate to withdraw the sealing application and file the contract on the public docket.

---

## II.    ORDER TO SHOW CAUSE

The Court questions its jurisdiction over the action. Courts have an obligation to examine subject matter jurisdiction issues sua sponte. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over cases between parties completely diverse from each other where the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

Plaintiff asserts that the parties have diverse citizenship because it is a citizen of Kansas and California and Defendant is a citizen or subject of foreign states. (Compl. ¶ 2.) Plaintiff alleges the foreign state of Defendant's incorporation, the British Virgin Islands, but it does not identify Defendant's principal place of business. Plaintiff states that Defendant "is a Hong Kong registered company with offices in Kowloon, Hong Kong," (*id.* ¶ 3), but these assertions about Defendant's presence in Hong Kong do not give rise to an inference that its principal place of business is there, *see Hertz Corp. v. Friend*, 559 U.S. 77, 95 (2010) ("[T]he corporation may have several plants, many sales locations, and employees located in many different places. If so, it will not be as easy to determine which of these different business locales is the 'principal' or most important 'place.'"). Further, Plaintiff offers insufficient allegations toward its own citizenship. Limited liability companies are citizens of "every state of which [their] owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In its complaint and notice of interested parties, Plaintiff identifies its sole member as Kristin Calzada. (Compl. ¶ 9; Certification & Notice of Interested Parties, ECF No. 2.) But Plaintiff does not allege Ms. Calzada's U.S. citizenship or state of domicile in the complaint. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Without such information, the Court cannot confirm its jurisdiction over the action. For example, if Ms. Calzada is a citizen of a foreign state or a U.S. citizen domiciled abroad, then diversity of citizenship is lacking. *See* 28 U.S.C. § 1332(a); *La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056–57 (9th Cir. 2016); *Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994).

///

The Court orders Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction. Plaintiff shall file a written response within 14 days either conceding the Court lacks jurisdiction or adducing additional facts about the parties' citizenship. Failure to file a timely and satisfactory response will result in dismissal without further notice.

**IT IS SO ORDERED.**