Stacey R. Gilman (CA Bar No. 186396)
sgilman@berkowitzoliver.com
Carson M. Hinderks (*pro hac forthcoming*)
chinderks@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888

Timothy R. West (CA Bar No. 342526)
tim@timwestlawfirm.com
**THE WEST LAW FIRM**
7021 Seal Circle
Huntington Beach, California 92648-3035
Telephone:  (816) 797-2762

*Attorneys for Plaintiff*
*Cronus Global, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **CRONUS GLOBAL, LLC**, a Kansas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**ZURU Inc.**, a British Virgin Islands corporation,<br><br>Defendant. | **Case No**.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cronus Global, LLC ("Cronus"), by and through its undersigned counsel, brings this Complaint against Defendant ZURU Inc. ("ZURU"), and in support of its claims, states as follows:

### SUMMARY OF THE ACTION

1.     Cronus brings this diversity action against ZURU for breach of contract, fraudulent misrepresentation, negligent misrepresentation, violation of California's Unfair Competition law,

- 1 -

Accounting, and Quantum Meruit, pursuant to California Business and Professions Code § 17200, California Civil Code §§ 1709-1710, and California common law.

## SUBJECT MATTER JURISDICTION

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), which confers "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . ." Cronus is a citizen of California and Kansas. ZURU is a citizen of the British Virgin Islands and Hong Kong. Cronus seeks damages from ZURU, exclusive of interest and costs, exceeding the $75,000 jurisdictional threshold.

## PERSONAL JURISDICTION AND VENUE

3.     ZURU is a corporation incorporated under the law of the British Virgin Islands and it is a Hong Kong registered company with offices in Kowloon, Hong Kong.

4.     ZURU is subject to personal jurisdiction in this District. ZURU purposefully directs its activities toward the state of California and conducts substantial business throughout the United States, including within the state of California and this District. ZURU offers its products, including all products at issue in this action, for sale and sells those products within the state of California, including in this District, through Amazon.com, Walmart.com, Target.com, Costco.com, Lowes.com, and through other authorized retailers and wholly owned subsidiaries. Moreover, this case arises out of ZURU's contacts within the state of California, including its contracting within the state, breaching its contractual obligations, committing unfair business practices, and engaging in fraudulent conduct within the state, and causing damage within the state.

5.     Personal jurisdiction over ZURU in this District also exists because ZURU committed unlawful, unfair, and fraudulent acts against Cronus and entered into a business and contractual relationship with Cronus within California and this District. In doing so, ZURU

**COMPLAINT; DEMAND FOR JURY TRIAL**

expressly agreed to jurisdiction in the courts of this state and that its contract with Cronus and all matters arising from or relating to it would be deemed to have been made in the State of California and governed by, construed, and enforced in accordance with California law, regardless of where the physical execution and performance of that contract occurred. The claims asserted by Cronus against ZURU in this action arise from and relate to the tortious acts committed by ZURU and its contractual relationship with ZURU in this District.

6.      Venue is proper under 28 U.S.C. § 1391(b)(2) and (c) because a substantial portion of the events giving rise to Cronus' causes of action occurred here and ZURU is subject to personal jurisdiction in this District.

<u>**THE PLAINTIFF**</u>

7.      Cronus is a global brand and licensing consultancy based in Woodland Hills, California.

8.      Among the various services it provides, Cronus facilitates licensing agreements and performs license contract negotiation and management services for its clients, whether those clients act as a licensee or licensor.

9.      Cronus's owner and principal, Kristin Calzada, has more than 30 years of experience in global consumer product licensing, marketing, sales, and development. Ms. Calzada has developed and nurtured hundreds of contacts with major intellectual property owners and other key participants in the product licensing industry. Owing in part to her extensive experience, contacts, and reputation in the product licensing industry, Ms. Calzada has access to and strong business relationships with intellectual property decisionmakers that ZURU lacked and would have been unable to obtain prior to its engagement with Cronus. Cronus has invested significant resources to develop Ms. Calzada's experience and relationships.

- 3 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

## FACTUAL BACKGROUND

***The Agency Agreement:***

10.    ZURU and Cronus entered into a Licensing Agency Agreement, effective as of July 15, 2021 (the "Agency Agreement"). A true and correct copy of the Agency Agreement is attached hereto as Exhibit A.

11.    As set out in the Agency Agreement, at the time of its execution, ZURU desired to enter into "License Agreements" with owners of trademarks, copyright or other intellectual property rights and the goodwill associated with those rights (defined in the Agency Agreement as "Licensors") pursuant to which ZURU would have the right and license to manufacture, market and/or distribute products that included those trademarks, copyrights or other intellectual property rights (defined in the Agency Agreement as "Licensed Products").

12.    The Agency Agreement further stated that ZURU engaged Cronus to: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13.    The Agency Agreement defines the phrase "License Agreements." Under that definition, "License Agreements" includes any agreement or arrangement negotiated or facilitated by Cronus under which ZURU has rights to use a Licensor's "marks" (as defined in the Agency Agreement) in connection with ZURU's manufacture, advertising, merchandising or sale of Licensed Products. Importantly, that definition also makes clear that "License Agreements" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14.    The Agency Agreement describes the compensation that ZURU agreed to pay Cronus. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- 4 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

████████████████████████████████████████████

███████████████████

15.    Under the Agency Agreement, ZURU and Cronus agreed that Cronus would receive compensation for each License Agreement it negotiated or facilitated during the Agency Agreement's term, ████████████████████████████████

████████████████████████████████████████████

████████████████████

16.    ZURU and Cronus further agreed that Cronus would receive ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

17.    The Agency Agreement expressly states that Cronus' right to receive the specified

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ This provision of the Agency Agreement is consistent with industry standards within the products licensing industry.

18.    To memorialize the compensation that Cronus was to receive pursuant to each License Agreement, the Agency Agreement required that ZURU and Cronus ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**COMPLAINT; DEMAND FOR JURY TRIAL**

19. As drafted, the initial term of the Agency Agreement was to run from ██████████ ███████████.

20. Following execution of the Agency Agreement, Cronus successfully developed a licensing program for ZURU (the "Program"). Among other activities successfully performed by Cronus as part of that Program, Cronus leveraged its industry relationships and knowhow to: (i) make introductions necessary to facilitate Licensing Agreements between ZURU and third-party Licensors; and (ii) solicit Licenses and negotiate Licenses Agreements on ZURU's behalf. All License Agreements either facilitated or negotiated by Cronus as part of the Program fall within the scope of the Agency Agreement.

***ZURU's Misrepresentations:***

21. On July 12, 2021, during the course of the parties' negotiation of the Agency Agreement, ZURU's in-house licensing director, Kerry Gilmour, sent Cronus an email outlining ████████████████████████████████████. Ms. Gilmour represented to Cronus that ██████████████████████████████████████████████ Ms. Gilmour then continued to state the ███████████████████████████ subject to a License Agreement ██████████████████████ ███████████████████████ Ms. Gilmour also acknowledged the █████████████████████████ ████████████████████████████ Specifically, Ms. Gilmour explained that, ████████████████

- 6 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

22.    ZURU's representations as to the ████████████████ ████████████ and ██████████████████ was important to Cronus and Cronus reasonably relied on those representations when deciding whether to enter into the Agency Agreement, act as an agent for ZURU, and facilitate and/or negotiate License Agreements on ZURU's behalf.

23.    In October 2022, Cronus expressed concern to Ms. Gilmour during a weekly videoconference that ████████████████████████—at that time encompassing only ██████████████████████████████ in her July 12, 2021 email. In response, Ms. Gilmour doubled down on ZURU's previous representations, stating that Cronus's ████ ████████████████████████████████████████████ ██████████████████████████. As ZURU's in-house licensing director, Ms. Gilmour requested that ██████████████████ █████████████████████.

24.    Work for ZURU consumed approximately 80 percent of Cronus' time as a licensing agent. Because of ZURU's promise of high commissions, however, Cronus continued to work for ZURU, believing, based on ZURU's representations, that its time and effort would pay off.

25.    Cronus facilitated and negotiated License Agreements encompassing ████████ ████████████████ Despite its affirmative representations to Cronus in July and October 2022, ZURU's ████ to Cronus claim that, at no time following execution of the Agency Agreement, has ████████████████████████████████████████ subject to License Agreements facilitated and/or negotiated for ZURU by Cronus. Nor has ZURU

**COMPLAINT; DEMAND FOR JURY TRIAL**

███████████████████████████████████████████████

████████████████

***ZURU's Concealment of License Agreements Within Scope of Agency Agreement:***

26.     During its engagement of Cronus, ZURU also concealed from Cronus that it was entering into Licensing Agreements that Cronus had facilitated and for which it was entitled to ████████████ For example, Cronus principal, Kristin Calzada, introduced ZURU representatives to her contacts at toy company, PhatMojo. Ms. Calzada also facilitated meetings between her contacts at PhatMojo and ZURU and presented PhatMojo intellectual property "Poppy Playtime" to ZURU for potential licensing opportunities to be negotiated by Cronus under the Agency Agreement. Unbeknownst to Cronus, however, ZURU licensed Poppy Playtime (and another PhatMojo intellectual property) without involvement of Cronus and in order to try to avoid paying Cronus as it was required to do under the Agency Agreement.

27.     ZURU also used Cronus relationships, introductions, and know-how to negotiate additional License Agreements for which Cronus would be entitled to a commission. For example, ZURU used contacts, introductions, and work product provided by Cronus to secure or attempt to secure a licensing opportunity without involvement of Cronus and in order to avoid paying Cronus as it was required to do under the Agency Agreement. In particular, ZURU took Cronus contacts and work that it had performed on ZURU's behalf toward licensing opportunities involving book title themed miniature capsules with the global publishing arm of one of the largest entertainment companies in the world.

***Extension of Agency Agreement and the Parties' August 2023 Agreement:***

28.     The initial term of the Agency Agreement was to expire on ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

**COMPLAINT; DEMAND FOR JURY TRIAL**

██████████

29.    On August 7, 2023, ZURU's then Licensing Director, Kate Holmes emailed Cronus about transitioning ongoing communications with existing licensors to ZURU. In that same message, Ms. Holmes also requested that Cronus continue to help ZURU ███████████ ████████. In exchange for Cronus' work on those four pending negotiations, Ms. Holmes offered the following: █████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████

30.    Cronus accepted the August 2023 Agreement and subsequently facilitated and substantially negotiated three new and/or modified License Agreements on ZURU's behalf and fulfilled the additional conditions set out in the August 2023 Agreement with at least one Licensor identified by ZURU therein.

**ZURU's Breaches and Failure to Properly Compensate Cronus:**

31.    Cronus facilitated and/or negotiated at least ██ License Agreements on ZURU's behalf. Each of those License Agreements was entered into by ZURU and each respective Licensor during the Agency Agreement's initial term.

32.    Pursuant to the Agency Agreement, Cronus is entitled to ████████████ ███████████████████████████ under each of the ██ License Agreements.

33.    Cronus also is entitled under the Agency Agreement to continuing compensation ████████████████████████████ of each of the ██ License Agreements

**COMPLAINT; DEMAND FOR JURY TRIAL**

1    entered into during the term of the Agency Agreement, regardless of whether ████████

2    ████████████████████████████████████████████████████████████████

3    ████████████████████

4         34.    On information and belief, ZURU has ████████████████ at least

5    one License Agreement previously facilitated and/or negotiated by Cronus that had been entered

6    into during the term of the Agency Agreement. On information and belief, those ████████

7

8    ████████████████████ License Agreements include, but are not limited to License Agreements

9    with at least two licensors with intellectual properties secured for use in ZURU's ████████

10    product line.

11         35.    Despite ZURU entering to the ████████████████ License

12    Agreements referenced in Paragraph 34, it has failed to pay any compensation to Cronus and/or

13    has failed to provide Cronus with ████████████████████████████████████████

14

15    ████████████████████ as the Agency Agreement requires.

16         36.    On information and belief, following expiration of the Agency Agreement, but

17    within the terms of ZURU's August 2023 Agreement, ZURU entered into at least one new and/or

18    ████████License Agreement facilitated and negotiated by Cronus.

19         37.    Despite ZURU entering into the License Agreements referenced in Paragraph 36 in

20    accordance with the term of its Auguust 2023 Agreement, ZURU has failed to pay any

21    compensation to Cronus and/or has failed to provide Cronus with ████████████████████

22

23    ████████████████ as the Agency Agreement requires.

24         38.    On December 4, 2023, ZURU in-house counsel sent a letter to Cronus, stating that

25    ZURU was not renewing its agency agreement with Cronus.

26         39.    In that December 4, 2023 letter, and contrary to the express provisions of the

27    Agency Agreement and the August 2023 Agreement, ZURU in-house counsel stated:

28

**COMPLAINT; DEMAND FOR JURY TRIAL**

40.    On December 22, 2023, in additional correspondence sent to Cronus' counsel, ZURU reiterated that it did not intend to pay Cronus all compensation required under the express terms of the Agency Agreement, including compensation due as a result of any ███████ ███████████████████████████████████████████ entered into during the Agency Agreement's term or License Agreements falling within the scope of ZURU's August 2023 Agreement.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

41.    Cronus re-alleges and incorporates by reference the preceding allegations as if fully set forth here.

42.    Cronus and ZURU entered into the Agency Agreement and August 2023 Agreement, both of which constitute valid and enforceable contracts.

43.    Cronus has performed all of its obligations under the Agency Agreement and August 2023 Agreement with ZURU.

44.    ZURU has breached and continues to breach the Agency Agreement and August 2023 Agreement by failing to pay Cronus all compensation required by their express terms, including but not limited to all compensation due for all License Agreements facilitated or negotiated by Cronus and as a result of ██████████████████████████ entered into during the Agency Agreement's term and any Licensing Agreement █████████████████████ during the Agency Agreement's

**COMPLAINT; DEMAND FOR JURY TRIAL**

████████████████████ and/or any License Agreement falling within the scope of the August 2023 Agreement.

45.    ZURU further has breached and continues to breach the Agency Agreement and August 2023 Agreement by failing to provide Cronus with a ██████████████████████ ████████████████████████████ and/or each License Agreement falling within the scope of the Agency Agreement and/or August 2023 Agreement.

46.    ZURU's breaches of the Agency Agreement and August 2023 Agreement are material, without justification, and lack any lawful excuse.

47.    As a direct and proximate result of ZURU's material breaches of the Agency Agreement and August 2023 Agreement, Cronus has suffered monetary damages, including amounts due and owing under the agreements, costs, and attorneys' fees in excess of $75,000.00 in an amount to be proven at trial. Cronus has also been irreparably harmed by ZURU's material breaches of the Agency Agreement and August 2023 Agreement and is entitled to other and further relief as may be available at law and or in equity, including injunctive and declaratory relief as necessary to enforce those agreements.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Contract, in the Alternative)**

48.    Cronus re-alleges and incorporates by reference the preceding allegations as if fully set forth here.

49.    Cronus and ZURU agreed to ████████████████████████ ████████████████████████ which constitutes a valid and enforceable implied contract established by the parties' conduct, including but not limited to their continued performance under the provisions of the Agency Agreement following its express expiration date.

- 12 -

COMPLAINT; DEMAND FOR JURY TRIAL

50.    Cronus has performed all of its obligations under the parties' agreement to extend the term of the Agency Agreement ██████████████████████████████████ ██████

51.    Cronus and ZURU also entered into the August 2023 Agreement, which constitutes a valid and enforceable implied contract established by the parties' conduct, including but not limited to their continued performance under the provisions of the Agency Agreement following its express expiration date.

52.    Cronus has performed all of its obligations under the August 2023 Agreement with ZURU.

53.    ZURU has breached and continues to breach the parties' agreement to extend the term of the Agency Agreement ████████████████████████████████ ██████ and August 2023 Agreement by failing to pay Cronus all compensation required by the Agency Agreement and the August 2023 Agreement, including but not limited to all compensation due as a result of any License Agreement falling within the scope of the Agency Agreement and the August 2023 Agreement.

54.    ZURU further has breached and continues to breach the parties' agreement to extend the term of the Agency Agreement ████████████████████████ ██████████████████ and the Agency Agreement by failing to provide Cronus with a ████████ ██████████████████ for each License Agreement falling within the scope of the Agency Agreement and the August 2023 Agreement.

55.    ZURU's breaches of the parties' agreement to extend the term of the Agency Agreement ███████████████████████████████████████████████and the August 2023 Agreement are material, without justification, and lack any lawful excuse.

- 13 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

56.     As a direct and proximate result of ZURU's material breaches of the parties' agreement to extend the term of the Agency Agreement █████████████████████ ████████████████████ and the August 2023 Agreement, Cronus has suffered monetary damages, including amounts due and owing under the Agency Agreement and the August 2023 Agreement, costs, and attorneys' fees in excess of $75,000.00 in an amount to be proven at trial. Cronus has also been irreparably harmed by ZURU's material breaches of the parties implied agreements and is entitled to other and further relief as may be available at law and or in equity, including injunctive and declaratory relief as necessary to enforce the parties' agreement to extend the term of the Agency Agreement █████████████████████████████████████ ████████ and the August 2023 Agreement.

### THIRD CAUSE OF ACTION
**(Fraudulent Misrepresentation)**

57.     Cronus re-alleges and incorporates by reference the preceding allegations as if fully set forth here.

58.     ZURU made a material and important misrepresentation of fact to Cronus in a July 12, 2021 email about ███████████████████████████████ and the compensation that Cronus would earn ██████████████████████ to a License Agreement facilitated or negotiated by Cronus under the Agency Agreement. Specifically, in that July 12, 2021 email, ZURU's licensing director misrepresented to Cronus that ZURU's ██████ █████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ subject to a License Agreement facilitated or negotiated by Cronus under the Agency Agreement. Later, ZURU further misrepresented that ██████████████████████████████████████████ ███████████████████████████.

59.     ZURU's representations to Cronus were false and misleading.

- 14 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

60.    On information and belief, ZURU knew that its representations to Cronus were false when made or, at minimum, ZURU made those representations recklessly and without any regard for their truth.

61.    ZURU made the above misrepresentations to Cronus during negotiation of and during the course of the Agency Agreement, and, on information and belief, it intended that Cronus rely on those misrepresentations, particularly in light of ZURU's superior knowledge of its own ordering, production, and manufacturing procedures.

62.    ZURU's representations as to ████████████████████████ ████████████████████████████████ was important to Cronus and Cronus reasonably relied on those representations when deciding whether to enter into the Agency Agreement, act as agent for ZURU, and facilitate and/or negotiate License Agreements on ZURU's behalf.

63.    ZURU's misrepresentations of material fact described above were a substantial factor in causing Cronus damages in excess of $75,000.00 in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation, In the Alternative)

64.    Cronus re-alleges and incorporates by reference the preceding allegations as if fully set forth here.

65.    ZURU made a material and important misrepresentation of fact to Cronus in a July 12, 2021 email about ████████████████████████ and the compensation that Cronus would earn ██████████████████ subject to a License Agreement facilitated or negotiated by Cronus under the Agency Agreement. Specifically, in that July 12, 2021 email, ZURU's licensing director misrepresented to Cronus that ZURU's ████ ████████████████████████████████████████ ████████████████████████ subject to a License

**COMPLAINT; DEMAND FOR JURY TRIAL**

Agreement facilitated or negotiated by Cronus under the Agency Agreement. Later, ZURU further misrepresented that ███████████████████████████████████ ███████████████████████

66.     ZURU's representations to Cronus were false and misleading.

67.     On information and belief, ZURU made its representations to Cronus without reasonable grounds for believing them to be true.

68.     ZURU made the above misrepresentations to Cronus during negotiation of and during the course of the Agency Agreement, and, on information and belief, it intended that Cronus rely on those misrepresentations, particularly in light of ZURU's superior knowledge of its own ordering, production, and manufacturing procedures.

69.     ZURU's representations as to ███████████████████████ ██████████████████████████████████████ was important to Cronus and Cronus reasonably relied on those representations when deciding whether to enter into the Agency Agreement, act as agent for ZURU, and facilitate and/or negotiate License Agreements on ZURU's behalf.

70.     ZURU's misrepresentations of material fact described above were a substantial factor in causing Cronus damages in excess of $75,000.00 in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### (Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200)

71.     Cronus re-alleges and incorporates by reference the preceding allegations as if fully set forth here.

72.     California Business & Professions Code § 17200, et seq., prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice."

73.     ZURU has violated California Business & Professions Code Section 17200's proscription against engaging in any unfair, unlawful and/or fraudulent business practice including

**COMPLAINT; DEMAND FOR JURY TRIAL**

by failing to pay Cronus ███████ t was promised in accordance with the express provisions of the Agency Agreement, by intentionally or recklessly misrepresenting ██████████ ████████████████████████████████████ it would definitely pay Cronus to induce Cronus to enter into a contractual relationship, and by failing to honor and pay Cronus ████ in accordance with the promises made by ZURU under the August 2023 Agreement.

74.    As a direct and proximate result of ZURU's unlawful, unfair and fraudulent business acts and practices, Cronus has been deprived of money in an amount to be proven at trial.

75.    ZURU's unlawful, unfair and fraudulent business acts and practices present a continuing threat to Cronus and others for which inadequate legal remedies exist in that ZURU will continue to use those acts and practices.

76.    California Business & Professions Code § 17203 provides that Cronus is entitled to an order enjoining ZURU from engaging in acts or practices that violate California Business & Professions Code § 17200, as well as equitable monetary relief.

77.    Cronus therefore respectfully requests equitable monetary relief and an order enjoining ZURU from engaging in the acts and practices set forth in this Complaint.

### SIXTH CAUSE OF ACTION
(Accounting)

78.    Cronus re-alleges and incorporates by reference the preceding allegations as if fully set forth here.

79.    Pursuant to the terms of the Agency Agreement as well as the August 2023 Agreement, ZURU agreed to pay Cronus a specified ████████████████████ ████████████████████

80.    The Agency Agreement expressly states that Cronus' right to receive the specified ██████████████████████████████████████████ Cronus therefore was entitled to receive all compensation specified by the Agency Agreement for

- 17 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

1   each applicable License Agreement ███████████████████████████████████

2   ████████████████████████████████████████████

3       81.     To memorialize the compensation that Cronus was to receive pursuant to each

4   License Agreement, the Agency Agreement required that ZURU and Cronus ████████████

5   ████████████████████████████████████████████████████████████████

6   ███████████████. Each ██████████████████████ is a part of the Agency Agreement.

7       82.     Pursuant to the terms of the August 2023 Agreement, ZURU agreed to pay Cronus

8   compensation ██████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████

14  ████████Cronus satisfied all conditions under the August 2023 Agreement for at least one Licensor

15  identified by ZURU therein.

16      83.     Cronus further provided services for ZURU, to the introduction to, management of,

17  production of work product including but not limited to presentation materials used by ZURU

18  without Cronus's knowledge and consent, and solicitation and negotiation of License Agreements

19  with intellectual property holders on ZURU's behalf, that did not fall within the express terms of

20  the Agency Agreement or the August 2023 Agreement.

21      84.     Cronus does not have access to or knowledge of the number of ██████████████

22  ████████████████████████████████████████████under a License Agreement falling within

23  the scope of the Agency Agreement and/or August 2023 Agreement and relating to the additional

24  services provided for ZURU at ZURU's request.

- 18 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

85.    Pursuant to the parties' business dealings, including but not limited to the Agency Agreement and August 2023 Agreement, a relationship that requires an accounting exists between ZURU and Cronus.

86.    On information and belief, at present, a balance is owed to Cronus under the Agency Agreement, the August 2023 Agreement, and for all services provided to ZURU at ZURU's request.

87.    Because the information necessary to determine that balance is in ZURU's possession, the amount of the total balance owed by ZURU to Cronus can only be ascertained with an accounting of ███████████████████████████████████████ ██████████ under a License Agreement falling withing the scope of the Agency Agreement and/or August 2023 Agreement and/or relating to the services provided by Cronus to ZURU at ZURU's request. Cronus therefore respectfully requests that the Court enter an order requiring such an accounting by ZURU.

### SEVENTH CAUSE OF ACTION
### (Quantum Meruit, in the Alternative)

88.    Cronus re-alleges and incorporates by reference the preceding allegations as if fully set forth here.

89.    As alleged in the preceding paragraphs, Cronus provided services to ZURU, including but not limited to the introduction to, management of, production of work product including but not limited to presentation materials used by ZURU without Cronus's knowledge and consent, and solicitation and negotiation of License Agreements with intellectual property holders on ZURU's behalf, both pursuant to the Agency Agreement and/or August 2023 Agreement or that did not fall within the express terms of those agreements. All of those services were performed for the sole and exclusive benefit of ZURU and at ZURU's request.

**COMPLAINT; DEMAND FOR JURY TRIAL**

90.    The reasonable value of the services rendered by Cronus for ZURU under the Agency Agreement and/or the August 2023 Agreement range from ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ exclusive of interest and costs of suit, subject to proof at trial.

91.    The reasonable value of the services rendered by Cronus for ZURU not already reflected on a ████████████████████████████████████ ████████████████████████ under a License Agreement for which Cronus should receive compensation under the Agency Agreement and/or the August 2023 Agreement but for ZURU's conduct described herein, exclusive of interest and costs of suit, subject to proof at trial.

92.    Total compensation due to Cronus for the reasonable value of services rendered for ZURU can only be ascertained following an accounting of ████████████████████ ████████████████████████ under a License Agreement falling within the scope of the Agency Agreement and/or August 2023 Agreement and/or relating to the services provided by Cronus to ZURU at ZURU's request.

93.    The total compensation due to Cronus for the reasonable value of services rendered for ZURU has not been paid, although payment has been demanded and is now due and owing to Cronus by ZURU.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cronus prays that this Court enter judgment against Defendant ZURU and in Cronus' favor, and award the following relief:

a.    Awarding Cronus actual, compensatory, direct, and proximate damages for the acts complained of herein, including Cronus' out-of-pocket losses and costs, in an amount

**COMPLAINT; DEMAND FOR JURY TRIAL**

in excess of $75,000.00 to be proven at trial;

b.  Awarding Cronus exemplary damages in an amount permitted by law;

c.  Awarding Cronus pre-judgment interest;

d.  Awarding Cronus post-judgment interest;

e.  Awarding Cronus its costs and attorneys' fees against ZURU;

f.  Enjoining ZURU from continuing to engage in acts or practices violating the express terms of the Agency Agreement, the August 2023 Agreement, and California Business & Professions Code § 17200; and

g.  Granting such other and further relief as may be appropriate under the circumstances.

Dated:  June 25, 2024                           Respectfully submitted,

                                                **BERKOWITZ OLIVER LLP**

                                                /s/ Stacey R. Gilman
                                                Stacey R. Gilman (CA Bar No. 186396)
                                                Carson M. Hinderks (*pro hac* forthcoming)
                                                2600 Grand Boulevard, Suite 1200
                                                Kansas City, Missouri 64108
                                                Telephone:  (816) 561-7007
                                                Facsimile:    (816) 561-1888
                                                Email:        sgilman@berkowitzoliver.com
                                                              chinderks@berkowitzoliver.com

                                                and

                                                **THE WEST LAW FIRM**

                                                /s/ Timothy R. West
                                                Timothy R. West (CA Bar No. 342526)
                                                7021 Seal Circle
                                                Huntington Beach, California 92648-3035
                                                Telephone:  (816) 797-2762
                                                Email:        tim@timwestlawfirm.com

                                                *Attorneys for Conus Global, LLC*

- 21 -

**COMPLAINT; DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 25, 2024

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Stacey R. Gilman
Stacey R. Gilman (CA Bar No. 186396)
Carson M. Hinderks (*pro hac* forthcoming)
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email:        sgilman@berkowitzoliver.com
               chinderks@berkowitzoliver.com

and

**THE WEST LAW FIRM**

/s/ Timothy R. West
Timothy R. West (CA Bar No. 342526)
Timothy R. West (CA Bar No. 342526)
7021 Seal Circle
Huntington Beach, California 92648-3035
Telephone:  (816) 797-2762
Email:        tim@timwestlawfirm.com

*Attorneys for Conus Global, LLC*

- 22 -

COMPLAINT; DEMAND FOR JURY TRIAL

1   Stacey R. Gilman (CA Bar No. 186396)
    sgilman@berkowitzoliver.com
2   Carson M. Hinderks (*pro hac forthcoming*)
    chinderks@berkowitzoliver.com
3   **BERKOWITZ OLIVER LLP**
    2600 Grand Boulevard, Suite 1200
4   Kansas City, Missouri 64108
    Telephone:  (816) 561-7007
5   Facsimile:  (816) 561-1888
6
7   Timothy R. West (CA Bar No. 342526)
    tim@timwestlawfirm.com
8   **THE WEST LAW FIRM**
    7021 Seal Circle
9   Huntington Beach, California 92648-3035
    Telephone:  (816) 797-2762
10
11  *Attorneys for Plaintiff*
    *Cronus Global, LLC*
12
                **UNITED STATES DISTRICT COURT**
13
                **CENTRAL DISTRICT OF CALIFORNIA**
14
                    **WESTERN DIVISION**
15

| | |
|---|---|
| **CRONUS GLOBAL, LLC**, a Kansas limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**ZURU Inc.**, a British Virgin Islands corporation,<br><br>　　　　　　　　Defendant. | **Case No**.<br><br>**EXHIBIT A TO THE COMPLAINT:**<br><br>**LICENSING AGENCY AGREEMENT**<br><br>**SUBJECT TO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -

**EXHIBIT A TO COMPLAINT**