1  JEAN-PAUL CIARDULLO, Bar No. 284170
    jciardullo@foley.com
2  ASHLEY M. KOLEY, Bar No. 334723
    akoley@foley.com
3  **FOLEY & LARDNER LLP**
   555 S. Flower Street, Suite 3300
4  Los Angeles, CA  90071-2411
   Telephone:  213.972.4500
5  Facsimile:  213.486.0065

6  *Attorneys for Defendant and*
   *Counterclaim-Plaintiff, Zuru Inc.*
7

8             **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CRONUS GLOBAL, LLC, a Kansas
    limited liability company,
12

13            Plaintiff,

14       v.

15  ZURU Inc., a British Virgin Islands
    corporation,
16

17            Defendant.

18

19

20

Case No. 2:24-cv-05372-CAS-PDx

**ZURU INC.'S ANSWER AND COUNTERCLAIMS TO CRONUS GLOBAL, LLC'S COMPLAINT**

The Hon. Christina A.  Snyder

21

22

23

24

25

26

27

28

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

Defendant, Zuru Inc. ("Zuru" or "Defendant" or "Counterclaim-Plaintiff") by its undersigned attorneys Foley & Lardner LLP, hereby answers Plaintiff's, Cronus Global, LLC ("Cronus" or "Plaintiff" or "Counterclaim-Defendant") Complaint (ECF Nos. 1, 28) as follows:

## SUMMARY OF THE ACTION[1]

1.      Zuru admits that Cronus brings a diversity action against Zuru for the alleged claims. Zuru denies that each of the alleged claims have any merit and denies all allegations in relation to the same.

## SUBJECT MATTER JURISDICTION

2.      Admitted.

## PERSONAL JURISDICTION AND VENUE

3.      Admitted.

4.      Zuru admits that its subsidiary, Zuru LLC conducts business throughout the United States and that it offers and sells products throughout the United States, including California and this District. Zuru admits that this case arises out of its contact with Cronus, a California limited liability corporation, including its contracting with Cronus. Zuru denies all remaining allegations contained in Paragraph 4.

5.      Zuru agrees that it entered into a business and contractual relationship with Cronus as set forth in the Agency Agreement. Zuru denies all remaining allegations contained in Paragraph 5.

6.      Zuru does not contest venue. However, Zuru denies that Cronus has any valid causes that would otherwise give rise to venue.

---

[1] Zuru uses the headings in Cronus Complaint for ease of reference. They are not intended to be and shall not be considered an admission or concession that Zuru agrees with the truth of any heading and Zuru hereby expressly denies any allegations contained in all headings to Cronus' Complaint.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

**THE PLAINTIFF**

7.     Admitted that Cronus has held itself out as a brand and licensing company. Zuru is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 7 and therefore denies the same.

8.     Admitted that Cronus has held itself out as a brand and licensing company. Zuru is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 8 and therefore denies the same.

9.     Zuru is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

**FACTUAL BACKGROUND**

*The Agency Agreement:*

10.     Admitted.

11.     Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 11..

12.     Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 12.

13.     Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 13.

14.     Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 14.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

15.    Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 15.

16.    Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 16.

17.    Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 17.

18.    Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 18.

19.    Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself.  Zuru denies the accuracy and completeness of Plaintiff's characterization of the Agency Agreement and therefore denies the allegations contained in Paragraph 19.

20.    Zuru denies that Cronus developed Zuru's licensing program. Zuru admits that Cronus engaged in certain activities but denies the accuracy and completeness of Plaintiff's characterization its activities and the Agency Agreement and therefore denies the allegations contained in Paragraph 20.

***Zuru's Misrepresentations:*** [Zuru denies that it made any misrepresentations.]

21.    Zuru admits that an email exchange between Zuru's then-licensing director Kerry Gilmour and Cronus ensued on July 12, 2021, and that document

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

speaks for itself. Zuru otherwise denies all the remaining allegations and/or conclusions in Paragraph 21.

22.    Denied.

23.    Zuru is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 and therefore denies the same.

24.    Denied.

25.    Denied.

***ZURU's Concealment of License Agreements Within Scope of Agency Agreement:*** [Zuru denies any concealment]

26.    Denied.

27.    Denied.

***Extension of Agency Agreement and the Parties' August 2023 Agreement:*** [Zuru denies Cronus' characterizations of the parties' dealings and agreements]

28.    Admitted that the original term was set to end on December 31, 2022. Zuru denies all remaining allegations contained in Paragraph 28.

29.    Zuru admits that an email exchange between Zuru's then-licensing director Kate Holmes and Cronus occurred on August 7, 2023, and that document speaks for itself. Zuru otherwise denies that the remaining allegations in Paragraph 29.

30.    Denied.

***Zuru's Breaches and Failure to Properly Compensate Cronus:*** [Zuru denies any breach or failure to properly compensate Cronus]

31.    Admitted that Cronus was involved in several licensing deals, but Zuru denies the accuracy and completeness of Plaintiff's characterization its activities and the Agency Agreement and therefore denies the allegations contained in Paragraph 31.

32.    Denied.

33.    Denied.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

34.    Zuru is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 and therefore denies the same.

35.    Denied.

36.    Zuru is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 36 and therefore denies the same.

37.    Denied.

38.    Admitted that a letter was sent on December 4, 2023. The Document speaks for itself and thus Zuru denies Plaintiff's characterization of the same. Zuru denies the remaining allegations contained in Paragraph 38.

39.    Zuru admits that the quoted portion reflects part of a December 4, 2023 letter from Zuru addressed to Cronus. Zuru denies that such letter was or is contrary to any provision in the Agency Agreement.  Zuru denies the remaining allegations contained in Paragraph 39.

40.    Zuru denies the accuracy and completeness of the characterizations contained in Paragraph 40 and therefore denies the allegations contained in Paragraph 40. Zuru denies that it denied Cronus any compensation to which it is entitled under the Agency Agreement. Zuru denies the remaining allegations contained in Paragraph 40.

## **FIRST CAUSE OF ACTION**
### **(Breach of Contract)**

41.    Zuru repeats and realleges its admissions and denials from all the foregoing paragraphs as if fully incorporated herein.

42.    Zuru admits that the parties entered into the Agency Agreement but denies Cronus' characterizations of the contractual requirements. Zuru denies all remaining allegations contained in Paragraph 42.

43.    Denied.

44.    Denied.

45.    Denied.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

4877-0601-7005.3

- 5 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

1    46.    Denied.

2    47.    Denied.

3    **SECOND CAUSE OF ACTION**

4    **(Breach of Implied Contract, in the Alternative)**

5    48.    Zuru repeats and realleges its admissions and denials from all the

6    foregoing paragraphs as is fully incorporated herein.

7    49.    Denied.

8    50.    Denied.

9    51.    Denied.

10    52.    Denied.

11    53.    Denied.

12    54.    Denied.

13    55.    Denied.

14    56.    Denied.

15    **THIRD CAUSE OF ACTION**

16    **(Fraudulent Misrepresentation)**

17    57.    Zuru repeats and realleges its admissions and denials from all the

18    foregoing paragraphs as if fully incorporated herein.

19    58.    Denied.

20    59.    Denied.

21    60.    Denied.

22    61.    Denied.

23    62.    Denied.

24    63.    Denied.

25    **FOURTH CAUSE OF ACTION**

26    **(Negligent Misrepresentation, In the Alternative)**

27    64.    Zuru repeats and realleges its admission and denials from all the

28    foregoing paragraphs as if fully incorporated herein.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

1    65.    Denied.

2    66.    Denied.

3    67.    Denied.

4    68.    Denied.

5    69.    Denied.

6    70.    Denied.

7                    **FIFTH CAUSE OF ACTION**

8    **(Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200)**

9    71.    Zuru repeats and realleges its admission and denials from all the

10   foregoing paragraphs as if fully incorporated herein.

11   72.    To the extent a response is required, denied.

12   73.    Denied.

13   74.    Denied.

14   75.    Denied.

15   76.    Denied.

16   77.    Denied.

17                    **SIXTH CAUSE OF ACTION**

18                        **(Accounting)**

19   78.    Zuru repeats and realleges its admission and denials from all the

20   foregoing paragraphs as if fully incorporated herein.

21   79.    The Agency Agreement states what it states and speaks for itself, and is

22   therefore admitted to the extent Plaintiff is quoting the agreement. Zuru denies all

23   remaining allegations contained in Paragraph 79.

24   80.    Zuru admits that the Agency Agreement states what it states, and

25   therefore speaks for itself. Zuru denies all remaining allegations contained in

26   Paragraph 80.

27

28

Foley & Lardner LLP
Attorneys at Law
Los Angeles

4877-0601-7005.3

- 7 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

81.     Zuru admits that the Agency Agreement states what it states, and therefore speaks for itself. Zuru denies all remaining allegations contained in Paragraph 81.

82.     Zuru admits that Paragraph 82 recites language from an August 7, 2023 email between Zuru's then-licensing director Kate Holmes and Cronus, and that document speaks for itself. Zuru denies all remaining allegations contained in Paragraph 82.

83.     Denied.

84.     Zuru is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 84 and therefore denies the same.

85.     Denied.

86.     Denied.

87.     Denied.

## SEVENTH CAUSE OF ACTION
### (Quantum Meruit, in the Alternative)

88.     Zuru repeats and realleges its admissions and denials from all foregoing paragraphs as if fully incorporated herein.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

## PRAYER FOR RELIEF

Zuru denies that Cronus is entitled to any relief, including the relief requested.

## AFFIRMATIVE DEFENSES

In response to Cronus' Complaint, Zuru asserts the following affirmative defenses and other defenses without assuming the burden of proof. Zuru reserves the

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

right to assert any other defenses that may be properly raised during the course of the litigation.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Cronus' Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Cronus' Non-Performance)

Zuru's performance under the contract was excused due to Cronus' material breach of the Agency Agreement and/or failure to fulfill its obligations thereunder.

## THIRD AFFIRMATIVE DEFENSE

### (No Meeting of the Minds for Implied-In-Fact Contract)

Even if there were any implied-in-fact contracts (which Zuru denies), there was no mutual understanding or meeting of the minds on the essential terms of any alleged implied-in-fact contract(s).

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

Cronus' claim for fraudulent misrepresentation lacks the particularity required under the law including the "who, what, when, where, and how" of the alleged fraud.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Required Intent)

Zuru did not have the requisite intent to defraud Cronus at the time the alleged misrepresentations were made. Specifically, Ms. Gilmour did not have knowledge that any alleged statements made by her were false when made.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Misrepresentations)

The alleged statements made by Zuru were true at the time they were made and/or were nonactionable statements of opinion regarding future conduct.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

### SEVENTH AFFIRMATIVE DEFENSE

#### (Lack of Reliance)

Cronus did not reasonably or justifiably rely on any alleged fraudulent or negligent misrepresentations made by Zuru.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Economic Loss Rule)

Cronus' claim for fraudulent misrepresentation is barred by the economic loss rule as the claim arises from a contractual relationship and seeks purely economic damages without an accompanying independent tort. Cronus alleges that it suffers monetary damages including those owed under the agreement, see Complaint, ¶ 47, yet merely alleges that Zuru's fraudulent misrepresentations were a substantial factor in causing Cronus damages in excess of $75,000 in an amount to be proven at trial. (*Id*. ¶ 63.). Therefore, Cronus alleges the same damages for its fraud claim as for its breach of contract claims.

### NINTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Cronus' claims for equitable relief are barred by the doctrine of unclean hands due to Cronus' willful and malicious misappropriation of Zuru's Trade Secret Information and purposeful disclosure of Zuru's Confidential Business Information.

### TENTH AFFIRMATIVE DEFENSE

#### (Offset)

Any recovery by Cronus should be offset by losses to Zuru based upon Cronus' own misconduct, including, for example, the misconduct alleged in Zuru's counterclaims.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **PRAYER FOR RELIEF**

Zuru requests judgment in its favor, that Cronus recover nothing on its Complaint, that the Complaint be dismissed on the merits with prejudice, that the Court award Zuru its costs and attorney's fees as the prevailing party, and that the Court grant such other and further relief as the Court deems just and proper under the circumstances.

### **JURY DEMAND**

Zuru demands a trial by jury on any and all claims or issues in this action so triable pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment of the United States Constitution.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

## COUNTERCLAIMS

Zuru, for its Counterclaims against Plaintiff, states as follows:

## PARTIES

1. Zuru, Inc. is the Hong Kong arm of the ZURU Group, a collection of family-owned toy and consumer products companies founded in Cambridge, New Zealand in 2004.

2. The ZURU Group is one of the fastest growing toy brands in the world and is known for its creativity and new-age manufacturing techniques.

3. The ZURU Group has successfully built its own global brands such as Bunch O Balloons™, X-Shot™, Robo Alive™, ZURU Smashers™, 5 Surprise™, and Metal Machines™.

4. The toy industry has recognized these and other Zuru brands with numerous awards and honors.

5. The ZURU Group also has partnerships with entertainment properties, including Viacom, Disney, NBCUniversal, and Netflix. The ZURU Group now employs hundreds of staff, has numerous offices worldwide, produces hundreds of thousands of toys a day, and supplies most major retailers in more than a hundred countries.

6. Zuru, Inc. is a corporation organized under the laws of the British Virgin Islands with a principal place of business at Unit 1-4, 12/F Energy Plaza 92 Granville Road Tsim Sha Tsui, Kowloon, Hong Kong, China.

7. Zuru is informed and believes that Cronus is a single-member limited liability company organized under the laws of the State of Kansas with a principal place of business at 22620 Cavalier Street, Woodland Hills, California 91364. Cronus' sole member, Kristin Calzada is a citizen of and is domiciled in the state of California.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

## JURISDICTION AND VENUE

8.      This action arises and is brought under the Defend Trade Secrets Act, 18 U.S.C. § 1836.

9.      This Court also has subject matter judisdiction over Zuru's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

10.     Personal jurisdiction over Cronus is proper because Cronus already submitted to the jurisdiction of this Court by initiating this lawsuit when it filed the Complaint at ECF No. 1. Further, Zuru is informed and believes that Cronus' principal place of business is in California where Cronus filed the Complaint and engaged in conduct leading to the breach of Contract at issue and disclosure of Zuru's trade secrets.

11.     Venue is proper in this District under 28 U.S.C. § 1391 because Zuru's counterclaims are brought in an action that was initiated by Cronus in this District and thus a substantial part of the events or omissions giving rise to Zuru's Counterclaims occurred in this District.

## BACKGROUND FACTS

### A.    Zuru and its Licensing History

12.     Zuru is one of the largest toy companies in the world and distributes its toys to major retailers in over 120 countries. In addition to Zuru's design, manufacture, and distribution of many of its own brands, Zuru also partners with household-name companies like Disney, Netflix, and NBCUniversal to release co-branded toys. The market for co-branded toys is highly competitive, with Zuru and its competitors vying against one another in securing branding partners and licensing agents.

13.     One of Zuru's most popular and well-known product lines is called "Mini Brands," which comprise collectable miniature figurines in the form of food, household items, fashion, movie characters, and miscellaneous motifs, all of which can fit in one's hand. Each Mini Brand figurine is meant to be a faithful miniaturized

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

4877-0601-7005.3

- 13 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

version of the original product design and labeling of actual household brands such as SPAM, Campbell's Soups, Kodak, KitchenAid, FedEx, Disney, and Netflix.



14.     Another of Zuru's product lines that was introduced in 2023 is "Snackles," a collectable plush line of toy animals and mythical creatures, each carrying a miniature version of a popular snack such as Mentos, Reese's Pieces, Mike & Ike's, Hershey's, and Pringles. Zuru must necessarily partner with these food brands to license the rights to use their well-known intellectual property, which in turn benefits Zuru in making its product more appealing to consumers. Each license entered into has different terms and conditions.

  

15.     Not surprisingly, the profitability and success of Zuru's co-branded products like Mini Brands and Snackles hinges on the procurement of licenses from various brands, globally, at rates that are competitive with other toy companies and that align with Zuru's revenue projections, production plans, and profit margins. Zuru's competitors include major toy companies like Hasbro, Mattel, MGA Entertainment, Jazwares, and Funko, all of whom compete with Zuru in the procurement of licenses.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

16.    It is a common practice in the industry for toy companies to contract with multiple licensing agents to help them procure and manage licensing deals all over the world. In their role, licensing agents will have access to and become familiar with sensitive business information about the toy company's profit margins, historical licensing rates, revenue and sales projections, sales data, production plans and strategies, and their own unique licensing agent compensation structure and formulas. Zuru has and continues to engage multiple licensing agents, each of whom have accepted unique terms and conditions in their engagement agreements and each of whom have agreed to keep such information confidential.

**B.    Zuru's Trade Secrets**

**1.    Zuru's Licensing Agent Compensation Formula and Negotiation Techniques**

17.    For each licensing agent that Zuru engages, Zuru negotiates a compensation structure based on a formula it has developed over many years of experience as a leading toy brand and engager of licensing agents.

18.    For each licensing agent that Zuru engages, Zuru enters into written agreements that sets forth compensation structures unique to that licensing agent, based upon the compensation formula it has developed.

19.    Zuru has invested significant time and resources to develop the formula, a strict range of compensation rates and terms that it can afford to pay its licensing agents in order to meet optimum profit margins and acquire top talent in a highly competitive market. For example, since 2004, Zuru has invested significantly in the analysis of Zuru's actualized and projected profits based on the everchanging market rates for manufacture, import, salaries, and other overhead costs in order to arrive at a formula Zuru can use to pay licensing agents.

20.    Zuru had engaged numerous licensing agents before engaging Cronus and, through its significant investments and trial and error, established a structure that helps Zuru meet its financial and business objectives.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

4877-0601-7005.3

- 15 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

21.    Compensation to and negotiations with licensing agents, generally in the industry, can take many forms, for example, flat rates, sales based, advance retainer, and can further vary by duration, product type, and/or product quantity.  Zuru's particular licensing agent compensation formula and negotiation techniques contribute to Zuru's financial success and allows it to remain competitive as both a global toy brand and seeker of licensing agents.

22.    Zuru's compensation formula and negotiating techniques for its licensing agents is neither known to the public nor readily accessible to the public through proper means.

23.    Just as Zuru obtains independent economic value from its licensing agent compensation formula and negotiation techniques, competitors of Zuru in the toy brand industry would similarly derive economic value if it were to be made public. Specifically, public disclosure of such information could cause Zuru's competitors, suppliers, and co-branding affiliates to use it in combination with publicly known retail prices to determine Zuru profit margins, then use that information to undercut Zuru in sales of competing products, manufacturing prices, and intellectual property licensing rates, and licensing agents. Stated differently, the foregoing information allows Zuru to maintain an advantage over its competitors, and public disclosure of the same would harm Zuru's competitive standing and/or result in the improper use of the information by others who might circumvent investing their own time and resources.

24.    Zuru's competitors could use also Zuru's compensation formula and negotiation techniques to unfairly compete with Zuru by undercutting Zuru's compensation structure with current and prospective licensing agents. Zuru would be at risk of having to raise its licensing agent compensation, resulting in a complete and utter waste of its significant investment in developing such formula, and otherwise risk losing engagements to its competitors.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

25.    Likewise, Zuru is harmed by the disclosure of its compensation formula and negotiation techniques to Zuru's co-branding affiliates. Specifically, Zuru's co-branding affiliates can use Zuru's compensation formula to take unfair and inappropriate positions in negotiating their relationships with Zuru.

**2.    Zuru's Revenue Projections, Sales Actualizations, and Ordering Strategies and Processes Relating to the Same**

26.    Similarly, Zuru's revenue projections, sales actualizations, business strategies, and negotiating points and processes relating to the same, comprise Zuru's trade secret information.

27.    Zuru's revenue projections, sales actualizations, business strategies, and other negotiating points and processes relating to the same are neither known to the public nor readily accessible to the public through proper means.

28.    Just as Zuru derives independent economic value from its revenue projections, sales actualizations, business strategies, and other negotiating points and processes relating to the same, competitors of Zuru in the toy brand industry would similarly derive economic value if it were to be made public. Specifically, public disclosure of such information could cause Zuru's competitors, suppliers, and co-branding affiliates to use it in combination with publicly known retail prices to determine Zuru profit margins, then use that information to undercut Zuru in sales of competing products, manufacturing prices, and intellectual property licensing rates, and licensing agents. Stated differently, the foregoing information allows Zuru to maintain an advantage over its competitors, and public disclosure of the same would harm Zuru's competitive standing and/or result in the improper use of the information by others who might circumvent investing their own time and resources.

29.    Zuru's licensing agent compensation formula, revenue projections, sales actualizations, business strategies, and negotiating points and processes relating to the same constitute Zuru's trade secrets (hereinafter, "Trade Secret Information").

**C.    Zuru's Confidential Business Information**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

### 1.    Zuru's Trade Secret Information

30.    As discussed above, Zuru's Trade Secret Information likewise constitutes Zuru's confidential business information that would harm Zuru if disclosed for the same reasons set forth above.

### 2.    The Agency Agreement Terms

31.    The terms to the agreement entered into between Zuru and Cronus on July 15, 2021, and any alleged subsequent agreements, whether orally or in writing relating to the same comprises Zuru's confidential business information. Specifically, the scope of Cronus' obligations as a licensing agent, the duration of the term, which licenses obtained are subject to compensation, the scope of the territory, the compensation structure, and how such compensation structure is applied to each license obtained.

32.    Public disclosure of the redacted terms would be of value to Zuru's competitors, licensing agents, and co-branding affiliates as it would reveal nonpublic economic terms and negotiated points that would give Zuru's competitors, licensing agents, and co-branding affiliates an upper-hand in negotiations of deals with similar terms.

33.    Zuru has invested significant resources developing the redacted terms based on years of business dealings and hired legal professionals to develop the same. Zuru would not freely share them with competitors. Indeed, competitors in this industry would take great interest in seeing each other's standard terms, and Zuru takes steps to prevent such disclosure by making all terms of its licensing agreements confidential.

34.    Zuru's Trade Secret Information and the Agency Agreement Terms constitute Zuru's confidential information (hereinafter, "Confidential Business Information").

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

4877-0601-7005.3

- 18 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

35.    As Zuru's licensing agent and signatory to the Agency Agreement, Cronus had access to and was familiar with Zuru's Trade Secret Information and Confidential Business Information.

**D.    Zuru Takes Extensive Steps to Maintain Confidentiality of its Trade Secrets and Confidential Business Information**

36.    Zuru's Trade Secret Information and Confidential Business Information is closely guarded by Zuru to ensure that Zuru can maintain competitive standing both as a licensee for its co-branded products and as a company engaging with numerous licensing agents. Because Zuru's competitor toy companies either have or are pursuing licensing deals with some of the same major brands, there is direct competition not only for the licensing deals, but for the licensing agents themselves. The competition is further heightened by the fact that many of Zuru's competitors are also trying to sell similar products with similar co-branding.

37.    Zuru takes extensive and exhaustive steps to maintain the confidentiality of its Trade Secret Information.

38.    Zuru's computer networks and physical facilities are protected by the most up-to-date security protocols, and other best practices.

39.    Zuru also requires its employees and others with access to Zuru's Confidential Businesss Information and Trade Secret Information to sign nondisclosure agreements.

40.    Any vendor that Zuru engages, including all licensing agents must sign a nondisclosure agreement and/or agree to confidentiality provisions set forth in the agreement governing the relationship.

41.    For example, with respect to Cronus, Zuru's mandated terms are verbose and explicit with regard to the maintenance of confidentiality of Trade Secret Information and confidential information. For example, below are relevant portions of the Agency Agreement that Cronus' principal, Kristin Calzada, signed with Zuru:

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

4877-0601-7005.3

- 19 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

*"Confidential Information" shall mean: (i) the term of this Agreement*; (ii) all proprietary business and technical information, such as reports, customer lists, statements, records, supply and cost information, marketing plans, sales leads, competitor analyses, transaction files, financial data, business contacts, or the like, whether in oral, written, graphic, magnetic, electronic, or other form, that is disclosed by one party to the other in the course of the work undertaken between the parties; and (iii) any communication, whether in oral, written, graphic, magnetic, electronic, or other form, that is marked or identified as "confidential" or "proprietary", and that is made in the course of the work undertaken between the parties. "Confidential Information" shall include any third party information that a party has received under obligation of confidentiality in connection with the course of the work undertaken between the parties. …

(a) Confidentiality. Although Agent shall be entitled to hold itself out as Client's agent with respect to the sourcing of Licensing Agreements, *Agent shall at all times maintain the confidentiality of the precise terms and conditions of this Agreement* (except insofar as is necessary to advise third parties of the scope of Agent's representation of Client under this Agreement) *and also any information concerning Client and its operations which becomes known to Agent as a result of Agent's performance under this Agreement* (the "Confidential Information"). Without limiting its obligations specified in the preceding sentence with respect to the Confidential Information, *Agent agrees (i) to protect and safeguard the Confidential Information against unauthorized use, publication, or disclosure; (ii) not to reveal, report, publish, disclose, transfer, or otherwise use any of the Confidential Information except as specifically authorized by Client*; and (iii) to comply with any additional

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

4877-0601-7005.3

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

measures requested in writing by Client to protect the confidentiality of the Confidential Information.

(b) Ownership of Confidential Information. Client shall be the sole owner of the Confidential Information.

(c) Handling of Confidential Information. ***All Confidential Information shall be held by Agent in strictest confidence and shall be used by Agent only for purposes of performing Agent's obligations under this Agreement.*** Confidential Information shall be disclosed by Agent only to its employees who (i) have a need to know it in order for Agent to fulfill its obligations under this Agreement; and (ii) have agreed in writing to comply with the confidentiality provisions of this Agreement (any such written agreement with regard to confidentiality signed by any employee of Agent shall specifically provide that Client is a beneficiary of such agreement and has a right independently to seek enforcement of the confidentiality provisions of such agreement).

42.     Zuru further limits access to its Confidential Business Information and Trade Secret Information to employees and agents who have signed confidentiality agreements and on a strictly need-to-know basis.

43.     As Zuru's licensing agent and signatory to the Agency Agreement, Cronus knew or should have known that it had acquired Zuru's Trade Secret Information and Confidential Business Information under circumstances creating a duty to maintain secrecy of that information.

44.     On information and belief, as a licensing agent for at least 25 years, Cronus knew or should have known that it had acquired Zuru's Trade Secret Information and Confidential Business Information under circumstances creating a duty to maintain secrecy of that information, as part of industry custom.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 21 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

### E.   Zuru Engages Cronus as a Licensing Agent

45.   In 2021, Zuru began to discuss the possible engagement of Cronus as one of Zuru's licensing agents with Zuru's then-licensing director, Kerry Gilmour.

46.   Once negotiations were nearly finalized, on July 12, 2021, Ms. Gilmour provided a basic explanation of what Cronus' deal structure would be, and offered hopeful aspirational statements about possible future performance predictions. None of Ms. Gilmour's comments amounted to any guarantee of future performance, nor would a licensing agent in Ms. Calzada's position have reasonably relied on them as any kind of guarantee.

47.   The Agency Agreement provided for no minimum guarantees of product that Zuru would manufacture or that Zuru would pay Cronus throughout the term.

48.   The Agency Agreement provided for no minimum amount of time that Cronus was required to spend working as Zuru's licensing agent: the time that Cronus spent working for Zuru was entirely of Cronus' own choosing.

49.   The Agency Agreement was not exclusive to Zuru and Cronus was free to engage with other companies as a licensing agent.

50.   The Agency Agreement provided conditions for termination for which Cronus could have exercised at any point throughout the Term, but chose not to.

51.   The Agency Agreement has an Integration Clause that states "[t]his Agreement contains the entire understanding of the parties with respect to its subject matter. Any and all representations or agreements by any agent or representative of either party to the contrary shall be of no effect."

52.   On July 15, 2021, Cronus returned the signed Agency Agreement to Ms. Gilmour, having not requested any guaranteed minimum levels of compensation, and having otherwise agreed to the deal structure, and the Integration Clause.

53.   On information and belief, Cronus sought to retaliate against Zuru for perceived underpayments under the Agency Agreement.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 22 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

54.     Cronus was aware that if it made terms of its dealings with Zuru public – including via the Complaint in this action – that this would have the effect of both harming Zuru and making publicly available the terms of the relationship so that Zuru competitors could see those terms and they could be used as a starting place for Cronus's future negotiations with other companies.

55.     On information and belief, Cronus knew that competitors of Zuru would access its publicly filed Complaint (or that Cronus could otherwise directly provide the Complaint to them) revealing Zuru's Confidential Business Information and Trade Secret Information which Cronus could use as leverage to obtain better compensation from competitor companies while harming Zuru's competitive standing in the market out of retaliation for not paying Cronus what it contended it was owed.

**F.     Cronus Breaches the Agency Agreement and Discloses Zuru's Confidential Information and Trade Secret Information**

56.     On June 25, 2024, Cronus filed a public Complaint in this Action, disclosing Zuru's Confidential Business Information and Trade Secret Information without Zuru's consent or authorization.

57.     Cronus and its agents/attorneys were aware of the content of the Complaint before it was filed.

58.     The Complaint included material terms to the Agency Agreement as well as confidential email communications between Zuru and Cronus that disclosed Zuru's Confidential Business Information and Trade Secret Information.

59.     Zuru diligently investigated the nature and scope of the disclosure before notifying Cronus that the Complaint disclosed proprietary, confidential, and trade secret information in breach of the Agency Agreement and that it deemed the breach to be material.

60.     Meanwhile, this Court issued an Order to Show Cause for why the Agency Agreement should be filed under seal while the Complaint, itself, appeared

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 23 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

to disclose material information terms that sought to be sealed in the Agency Agreement. (*See* ECF No. 17 at 2.)

61.    Zuru filed an Application to Seal the Agency Agreement and the portions of the publicly filed Complaint that disclosed Zuru's Confidential Information and Trade Secret Information. (ECF No. 24.)

62.    The Court granted Zuru's Application to Seal and ordered Cronus to re-file the Complaint with Zuru's proposed redactions to the Complaint and Agency Agreement. (ECF No. 27.)

## FIRST COUNTERCLAIM
### (Breach of Contract)

63.    Zuru repeats and alleges all of the foregoing paragraphs as if fully incorporated herein.

64.    The Agency Agreement constitutes a valid and enforceable contract between Zuru and Cronus.

65.    Zuru performed all of its obligations under the Agency Agreement until Cronus materially breached the Agency Agreement by filing a public Complaint disclosing Zuru's Confidential Business Information in violation of the confidentiality provisions thereto and without Zuru's authorization.

66.    As a direct and proximate result of Cronus' breach of contract, Zuru has suffered and will continue to suffer damages in an amount to be determined at trial.

67.    Because of the competitive harm that Zuru has suffered and will continue to suffer as a result of Cronus' material breach, Zuru has no adequate remedy at law and seeks equitable relief, including but not limited to injunctive relief preventing further disclosure of Zuru's Confidential Business Information.

## SECOND COUNTERCLAIM
### (Trade Secret Misappropriation, Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.)

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

4877-0601-7005.3

- 24 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

68.   Zuru repeats and alleges all of the foregoing paragraphs as if fully incorporated herein.

69.   Zuru has developed and possesses its Trade Secret Information which constitutes trade secrets as defined by the Defend Trade Secrets Act, 18 U.S.C. § 1839(3).

70.   Zuru's Trade Secret Information derives independent economic value from not being generally known to, and not being readily ascertainable by the public or competitors who can gain a competitive advantage by using them.

71.   Zuru has taken reasonable measures to maintain the secrecy of its Trade Secret Information.

72.   Cronus misappropriated Zuru's Trade Secret Information by disclosing it without the consent of Zuru when it publicly filed the Complaint in this action at ECF No. 1.

73.   At the time of the disclosure, Cronus knew or had reason to know that its knowledge of the Trade Secret Information was acquired under circumstances giving rise to maintain the secrecy of the Trade Secret Information or limitation of the use of the Trade Secret Information.

74.   Zuru's Trade Secret Information is related to Cronus' licensing agent services that were used in interstate and foreign commerce as Cronus, a citizen and domiciliary of California obtained licenses between Zuru and various brands that are located in various states across the U.S. and countries all over the world.

75.   As a result of Cronus' wrongful conduct, Zuru has suffered and will continue to suffer actual damages, including competitive harm.

76.   As a result of Cronus' willful and malicious misappropriation, Zuru is entitled to exemplary damages and reasonable attorney's fees.

77.   Cronus's actions described above will cause, have caused, and will continue to cause irreparable damage to Zuru, unless Cronus is enjoined by this Court. Zuru has no adequate remedy at law with regard to the competitive harm

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

suffered by Zuru as a result of Cronus' misappropriation. Accordingly, Zuru is entitled to a permanent injunction, pursuant to 18 U.S.C. 1836(b)(3)(A), restraining and enjoining Cronus and its agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from misappropriating Zuru's Trade Secret Information and any threatened misappropriation.

## THIRD COUNTERCLAIM

**(Trade Secret Misappropriation, California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, et seq.)**

78.    Zuru repeats and alleges all of the foregoing paragraphs as if fully incorporated herein.

79.    Zuru has developed and possesses its Trade Secret Information which constitutes trade secrets as defined by the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d).

80.    Zuru's Trade Secret Information derives independent economic value from not being generally known to, and not being readily ascertainable by the public or competitors who can gain a competitive advantage by using them.

81.    Zuru has taken reasonable measures to maintain the secrecy of its Trade Secret Information.

82.    Cronus misappropriated Zuru's Trade Secret Information by disclosing it without the consent of Zuru when it publicly filed the Complaint in this action at ECF No. 1.

83.    At the time of the disclosure, Cronus knew or had reason to know that its knowledge of the Trade Secret Information was acquired under circumstances giving rise to maintain the secrecy of the Trade Secret Information or limitation of the use of the Trade Secret Information.

84.    As a result of Cronus' wrongful conduct, Zuru has suffered and will continue to suffer actual damages, including competitive harm.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

4877-0601-7005.3

- 26 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

85.     As a result of Cronus' willful and malicious misappropriation, Zuru is entitled to exemplary damages and reasonable attorney's fees under Cal. Civ. Code § 3426.3(c) and § 3426.4.

86.     Cronus's actions described above will cause, have caused, and will continue to cause irreparable damage to Zuru, unless Cronus is enjoined by this Court. Zuru has no adequate remedy at law with regard to the competitive harm suffered by Zuru as a result of Cronus' misappropriation. Accordingly, Zuru is entitled to a permanent injunction, pursuant to Cal. Civ. Code § 3426.2, restraining and enjoining Cronus and its agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from misappropriating Zuru's Trade Secret Information and any threatened misappropriation.

## **PRAYER FOR RELIEF**

Zuru denies that Cronus is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment dismissing Cronus' Complaint with prejudice and for such other and further relief as is just and proper under the circumstances including, but not limited to:

A. For a finding of trade secret misappropriation by Cronus under 18 U.S.C. 1836, *et seq*.;

B. For a finding of trade secret misappropriation by Cronus under Cal. Civ. Code § 3426, *et seq*.;

C. For a finding that Cronus materially breached the Agency Agreement;

D. For actual damages for Cronus' trade secret misappropriation, including unjust enrichment caused by the misappropriation that is not taken into account in computing damages for actual loss, or a reasonable royalty under at least 18 U.S.C. § 1836 (b)(3)(B) and Cal. Civ. Code § 3426.3;

E. For compensatory damages for breach of contract in an amount to be determined at trial;

F. A finding that Cronus' trade secret misappropriation was willful and

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3

1    malicious;

2    G. For exemplary damages in accordance with at least 18 U.S.C. §

3        1836(b)(3)(D) and Cal. Civ. Code § 3426.3(c);

4    H. For attorney's fees and costs as allowed under contract or other law;

5    I.  For pre- and post-judgment interest at the maximum rate permitted by law;

6    J.  For a permanent injunction enjoining Cronus, its agents, employees, and all

7        those acting in concert with Cronus further actual or threatened

8        misappropriation Zuru's Trade Secret Information pursuant to at least 18

9        U.S.C. § 1836(b)(3)(A) and Cal. Civ. Code § 3426.2; and

10    K. For such other and further relief as the Court may deem just and proper.

11
## <u>JURY DEMAND</u>

12    Zuru demands a trial by jury as to all claims and issues so triable.

13

14    Dated; October 9, 2024          FOLEY & LARDNER LLP

15                      /s/ Jean-Paul Ciardullo

16                      Jean-Paul Ciardullo
                        Ashley M. Koley

17

18                      *Attorneys for Zuru, Inc.*

19

20

21

22

23

24

25

26

27

28

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 28 -

ANSWER & COUNTERCLAIMS
CASE NO. 2:24-CV-05372-MCS-PD

4877-0601-7005.3